McCALEB, Justice
(dissenting).
In view of the fact that the judge of the district court has, since the handing down of our original opinion in this case, decided in the petitory action brought by defendant, Richey, against plaintiff, Hill, that Richey is the owner of the land which is the subject of this possessory action, a rehearing should be granted. Article 55 of the Code of Practice, as amended by Act 202 of 1920, declares:
“Petitory and possessory actions shall not be cumulated or joined together except by consent of parties. But he who is sued in a possessory action may bring a petitory action for, or an action to establish title to, all or any *1003 part of the property involved in the possessory action, without in any way affecting the pending possessory action, provided that if judgment be rendered in the petitory action in favor of plaintiff, the pending possessory action shall abate.” (Emphasis mine.)
Accordingly, forasmuch as the judgment has now been rendered in the petitory action, this possessory action has abated. The fact that the judgment in the petitory action may not be final, in the sense that an appeal may be taken therefrom to this court, should not deter us from protecting Richey’s rights under that judgment. In my opinion, the least that could be done would be to grant a rehearing and stay further proceedings in this suit until the petitory action judgment is finally reviewed on appeal.
For these reasons, I dissent from the refusal of a rehearing.